```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Boards of Trustees of the Ohio   :
Laborers' Fringe Benefit
Programs,                        :

        Plaintiff,                :

    v.                           :    Case No. 2:10-cv-0140

The Ford Development Corp.,      :    JUDGE MARBLEY
et al.,
                                 :
        Defendants.
```

ORDER

This case is before the Court to consider the motion to intervene as a plaintiff filed by Laborers' District Council of Ohio pursuant to Fed.R.Civ.P. 24(a)(2) or (b).  Defendants, The Ford Development Corp. and The Ford Development Corp. d/b/a Trend Construction (collectively "Ford") have opposed the motion to intervene.  For the following reasons, the motion to intervene will be denied.

I.  Background

This is an ERISA collections case.  The plaintiff Trustees seek recovery of contributions due under the applicable collective bargaining agreement, plus an audit of Ford's records. The relevant collective bargaining agreement was entered into between Ford and the labor Union, the proposed intervenor-plaintiff.

Following the filing of the current action, Ford filed a grievance against an affiliate of the Union relating to a dispute over the classifications of employees intended to be covered by the collective bargaining agreement.  Ford also filed an arbitration demand with respect to the grievance.  The Union objected to the arbitration request.  The matter is currently

pending before the American Arbitration Association. It is this labor dispute, and specifically the arbitration demand, that has caused the Union to seek to intervene in this case.

## II.  The Motion to Intervene

In its motion to intervene, the Union asserts that it meets the requirements to intervene as of right or, alternatively, that it should be allowed permissive intervention.  According to the proposed intervenor-complaint, the Union

> "seeks a declaratory judgment, ..., that the arbitration currently being administered by the American Arbitration Association, at the direction of Defendants and in opposition to the directives of Intervenor-Plaintiff, is being conducted in violation of the express terms of the collective bargaining agreement executed between the parties."

The basis for the proposed intervenor-complaint arises from the Union's belief that the grievance which Ford seeks to arbitrate is actually a defense it has asserted in this action.  From the Union's perspective, the grievance "does not assert any actual violation of the parties' Agreement."  The grievance states, in relevant part:

> The parties entered into a collective bargaining agreement dated May 13, 2008 (attached).  Differences now have arisen between the parties as to the employees covered by that agreement per discussions with a Union representative.

The Union contends that Ford has filed the grievance in an effort to avoid paying the delinquent contributions sought by the plaintiff Trustees in this case.  Consequently, the Union has objected to the arbitration request claiming that the agreement does not require arbitration of a defense to an ERISA action.

With respect to intervention as of right, the Union asserts that its motion is timely.  Further, the Union claims that it has a substantial legal interest in this case because it is a party

to the agreement which requires the payment of fringe benefit contributions.  The Union argues that its interest is entitled to even more weight in this case where Ford has raised a fraud in the execution defense seeking to void the entire collective bargaining agreement.

Additionally, the Union contends that, absent intervention, it will be unable to protect its interest and prevent the unnecessary arbitration.  Finally, the Union argues that its intervention is necessary to permit it to address the issue of arbitrability.  The Union recognizes, however, that the plaintiff Trustees "would adequately represent the Union's interest as to Ford's defense."  Motion to Intervene (#9), p. 6.

With respect to permissive intervention, the Union again contends that its motion is timely.  Further, the Union asserts that its proposed claim regarding arbitration and the underlying delinquent contributions claim share a common question of law or fact.  Again, the Union's argument is based on its position that the grievance Ford is seeking to arbitrate in a separate forum is identical to the defense it is asserting here.

In response, Ford focuses its argument on two of the four requirements for intervention as of right.  First, Ford claims that, by the Union's own admission, the Union's interests are adequately represented by the plaintiff Trustees.  Ford argues that this concession alone requires denial of the motion to intervene.  Further, Ford contends that the Union does not have a substantial legal interest in this audit and collection case.  In fact, Ford argues, the Union's real purpose in seeking to intervene is to stop the arbitration of a separate dispute between the Union and Ford.

According to Ford, the Union's arguments are not based on an accurate presentation of the underlying facts. As Ford explains it, the Trustees are seeking an audit and the potential

3

collection of delinquent benefit contributions relating to past conduct.  On the other hand, the issue raised by Ford's grievance is a labor dispute about which classifications of employees are to be covered by the collective bargaining agreement currently and in the future.  Further, Ford claims that, to the extent the Union seeks to enforce its "contractual rights" such enforcement can only occur by way of a grievance procedure and not by way of intervention in a federal court action.  Finally, Ford argues that neither of the cases cited by the Union are applicable to the circumstances here.  Ford raises similar arguments with respect to the Union's request for permissive intervention.

    In reply, the Union contends that permissive intervention should be allowed because all of the issues revolve around the collective bargaining agreement between Ford and the Union.  Again, central to the Union's argument is the affirmative defense asserted by Ford in its answer that the Trustees' claims are barred in whole or in part by fraud in the execution.  The Union claims that the relief requested by the intervenor-complaint requires a finding that the collective bargaining agreement is valid and enforceable.  Based on this, the Union claims that there are common questions of law and fact supporting its request for intervention.

    With respect to intervention as of right, the Union argues in reply that, because the plaintiff Trustees are only third-party beneficiaries of the collective bargaining agreement, they lack the standing to enforce all other provisions of the agreement including any provision relating to arbitrability.

### III.  Legal Standard

    Intervention is governed by Fed. R. Civ. P. 24, which states in pertinent part that:

> "(a)  Intervention of Right
>
>     Upon timely application anyone shall

4

>be permitted to intervene in an action:
>...(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interests is adequately represented by existing parties.
>
>(b)   Permissive Intervention
>
>Upon timely application anyone may be permitted to intervene in an action:
>...(2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The leading case in this Circuit on both permissive intervention and intervention as of right is Bradley v. Milliken, 828 F.2d 1186 (6th Cir. 1987). With respect to intervention as of right under Rule 24(a)(2), Milliken indicates that, first, the application must be timely. Whether an application for intervention is timely must be evaluated in light of the purpose for which intervention is sought, the length of time that the intervenor has known about the interest in the litigation, whether any of the original parties to the litigation would be prejudiced, and the stage to which the lawsuit has progressed when intervention is sought. See also Michigan Association for Retarded Citizens v. Smith, 657 F.2d 102, 105 (6th Cir. 1981), holding that the stage to which a lawsuit has progressed is only one factor in the inquiry and is not dispositive, and that the court must also consider whether

there are any "unusual circumstances" militating either in favor of or against intervention.

Second, in order to intervene as of right, a party must have an interest in the subject matter of the suit.  <u>Milliken</u> indicates that this requirement must be liberally construed. <u>Id</u>. at 1192.  However, the interest must be direct and substantial rather than peripheral or speculative.  <u>Grubbs v. Norris</u>, 870 F.2d 343 (6th Cir. 1989); <u>Meyer Goldberg, Inc. v. Goldberg</u>, 717 F.2d 290 (6th Cir. 1983).

Next, the intervenor's ability to protect its interest must somehow be impaired by the disposition of the case. <u>Grubbs</u>, <u>supra</u>; <u>Triax Co. v. TRW</u>, Inc., 724 F.2d 1224, 1227 (6th Cir. 1984).  Finally, the interest which the intervenor seeks to assert must not be adequately represented by the existing parties to the suit.  <u>Milliken</u>, <u>supra</u>, at 1192. Ordinarily, where the intervenor and an existing party have the same ultimate objective in the litigation, the representation of the intervenor's interest by the existing party is presumed to be adequate, and the intervenor bears the burden of demonstrating the inadequacy of that party's representation of his interests.  <u>Meyer Goldberg, Inc. v. Goldberg</u>, <u>supra</u>, at 293; <u>see</u> <u>also</u> <u>In re General Tire and Rubber Co. Securities Litigation</u>, 726 F.2d 1075, 1087 (6th Cir.), <u>cert</u>. <u>denied</u> sub nom. <u>Schreiber v. Gencorp. Inc</u>., 469 U.S. 858 (1984).  However, the burden is not a particularly heavy one, and is satisfied if the intervenor can show that there is substantial doubt about whether his interests are being adequately represented by an existing party to the case.  <u>National Wildlife Federation v. Hodel</u>, 661 F.Supp. 473 (E.D.Ky. 1987); <u>see</u> <u>Trbovich v. United Mine Workers</u>, 404 U.S. 528, 538 n. 10 (1972).

<u>Milliken</u> indicates that the same timeliness inquiry must

be made with respect to a motion for permissive intervention. Again, the timing of the application is only one factor to be considered, and it is critical to consider whether the intervention will bring about undue delay in the litigation or prejudice existing parties. Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc., 823 F.2d 159 (6th Cir. 1987); Arrow Petroleum Co. v. Texaco, Inc., 500 F.Supp. 684 (S.D. Ohio 1980). Even a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between his proposed claim and the claim of one or more of the existing parties.

Finally, the Court is not required to evaluate an application for intervention under only one subsection of Rule 24. When a party has moved for intervention as of right, but the facts more appropriately suggest that permissive intervention might be granted, and there are no other obstacles such as jurisdictional considerations which would counsel against such an analysis, the Court is free to consider whether permissive intervention might be granted. See Penick v. Columbus Education Ass'n, 574 F.2d 889 (6th Cir. 1978). It is with these standards in mind that the Union's motion to intervene will be considered.

## IV. Analysis

### A. Intervention as of Right Pursuant to Rule 24(a)(2)

As indicated above, Ford challenges the motion to intervene on two grounds. First, Ford points out that the Union admits that the Trustees adequately represent the Union's interest in the issues raised in this case. Alternatively, Ford argues that the Union does not have a substantial legal interest in this case. The Court will address Ford's alternative argument first.

The Sixth Circuit has adopted "a rather expansive notion of the interests sufficient to invoke intervention of right."

<u>Wedgewood Ltd. Partnership v. Township of Liberty, Ohio</u>, 2005 WL 1211305 (S.D. Ohio May 20, 2005) <u>quoting</u> <u>Michigan State AFL-CIO v. Miller</u>, 103 F.3d 1240, 1245 (6th Cir. 1997).  Further, close cases are to be resolved in favor of recognizing an interest. <u>Id</u>.

The Union asserts that, as the exclusive bargaining unit of Ford's employees, it has an interest in ensuring that the contributions at issue here are paid.  While that may be true, Ford argues, that is not, by the Union's own explanation, the interest the Union is seeking to protect through intervention.  Instead Ford claims, the only interest the Union is seeking to protect is an interest in avoiding arbitration.

Based on the allegations of the proposed intervenor-complaint, the Court agrees with Ford that the interest at stake here from the Union's perspective relates solely to the arbitration.  This fact is demonstrated by the substance of the proposed intervenor-complaint.  The relief sought is a declaratory judgment finding that the Union has no obligation to participate in the arbitration currently underway before the American Arbitration Association.  Any reference to the issue of fringe benefit contributions is made only in the factual background section.  Given the issue as the Union has framed it in its proposed complaint, the Court is not persuaded that the Union has an interest in the subject matter of this case sufficient to support its intervention as of right.

However, to the extent that the Union has any interest in the subject matter of this case, the Court will now turn to Ford's primary argument relating to adequate representation.  It is  well-settled that it is the applicant's burden to establish that representation is inadequate. <u>Wedgewood</u>, at *2.  This burden is not great and can be met by demonstrating that the existing party will not make all the arguments that would be made by the prospective intervenor. <u>Id</u>. <u>citing</u> <u>Miller</u>, 103 F.3d at

8

1247).

As Ford highlights, to the extent the Union may have a legal interest relating to the audit and collection issues in this case, the Union admits that the Trustees adequately represent the Union's interest.  At the same time, Ford contends that the Union's argument that the Trustees do not adequately represent its interest in the issue of arbitrability of the grievance is meritless because that is not the issue before the Court.

The Court agrees that the issue of arbitrability, as discussed above, is not an issue in this straightforward audit and collection action.  Because the Union has not demonstrated that its interests, as they may relate to the audit and collection issues in this case, are not adequately represented, the Court will deny its motion to intervene as of right.  See Jordan v. Michigan Conf. of Teamsters Welfare Fund, 207 F.3d 854, 863 (6th Cir. 2000)(affirming denial of motion to intervene as right where proposed intervenor's rights were adequately represented and motion was untimely).

          B.   Permissive Intervention Under Rule 24(b)

With respect to permissive intervention, the Union asserts that such intervention is proper because the validity of the collective bargaining agreement is central to both the current action and the proposed intervenor-complaint.  To the contrary, Ford contends that there are no common questions of law or fact between the underlying action and the proposed intervenor-complaint warranting the Union's intervention.  Specifically, Ford argues that the law applicable to the audit and collection action (ERISA and the Pension Protection Act) is different from the law applicable to the dispute between Ford and the Union (the National Labor Relations Act and the Labor Management Reporting and Disclosure Act).  Further, Ford asserts that factual issues

are different for the reasons discussed at length above.  The Court agrees that the facts and law underlying this audit and collection case relating to alleged delinquent contributions are different from those underlying grievance over the classifications to be covered by the collective bargaining agreement.  Consequently, the Court finds without merit the Union's argument that it should be granted permissive intervention in this case.

V.  <u>Disposition</u>

    For the foregoing reasons, the motion to intervene (#9) is DENIED.


                                                <u>   s/Algenon L. Marbley   </u>
                                                Algenon L. Marbley
                                                United States District Judge